EUGENE DAVIS v. STATE.

No. A.-10035. Oct. 7, 1942.

(130 P. 2d 111.)

Allen G. Nichols, of Wewoka, and Ratterree & Nolen, of Okemah, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

BAREFOOT, P. J. Defendant, Eugene Davis, and George Deer were charged jointly in the district court of Okfuskee county with the crime of larceny of domestic fowls, to wit, 20 turkeys. A severance was granted the defendant Eugene Davis. He was tried, convicted, and sentenced to pay a fine of $200 and to serve two months in the county jail, and has appealed.

It is first contended that the state failed to prove the venue in this case; that it was not proved that the crime was committed in Okfuskee county. We have carefully examined the record and find that the evidence of Mary Rice, the complaining witness, showed that she resided three miles from Sand Creek and in Okfuskee county; that her residence was on the county line between Okfuskee and Hughes counties, but that she resided east of the county line, in Okfuskee county, and that her turkey house was located due east of her home, facing the south. This would place it in Okfuskee county. The turkey roost was immediately behind the turkey house and this was the place from which the turkeys were stolen. This evidence was sufficient to establish the venue in Okfuskee county.

It is next contended that the evidence is insufficient to sustain the judgment and sentence. We do not consider it necessary to give a review of the evidence. There was a sharp conflict between the evidence of the state and that of the defendant. As has universally been held by this court, a verdict of the jury will not be set aside

where there is a conflict in the testimony, and the evidence of the state is sufficient to sustain the verdict. Several disinterested witnesses identified the defendant as one of the parties who sold the turkeys at Wewoka on the day following their loss. One of the turkeys was positively identified by the owner by reason of certain peculiar marks. Other circumstances, together with the fact that defendant lived in close proximity to where the turkeys were stolen, were facts to be considered by the jury in arriving at their verdict. They saw the witnesses upon the stand and were in a better position to judge where the truth lay than is an appellate court. The defendant presented a good defense. His case was well tried. If the jury had believed his story, he would have been acquitted. But they found otherwise and, for the reasons above stated, the judgment and sentence of the district court of Okfuskee county is affirmed.

DOYLE and JONES, JJ., concur.